## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                                   )       I.D. Nos: 1212009736 A & B
   v.                                )
                                   )
WILLIAM T. WINDSOR     )
   Defendant.             )

Submitted: June 29, 2022
Decided: September 28, 2022

### ORDER SUMMARILY DISMISSING DEFENDANT'S
### THIRD MOTION FOR POSTCONVICTION RELIEF

AND NOW, upon careful consideration of Defendant's Third Motion for Postconviction Relief and the record in this case, Defendant's Motion is summarily dismissed as procedurally barred by Superior Court Criminal Rule 61(d)(2) for the following reasons:

1.    In 2013, Defendant, Windsor T. Windsor ("Windsor") pleaded guilty to one count of rape in the second degree as to one minor victim and pleaded *nolo contendere* to continuous sexual abuse of a child as to a second minor victim.[1] The Superior Court ordered a presentence investigation and deferred sentencing. At Windsor's sentencing hearing, Windsor told the Court for the first time that he

---

[1] Windsor had been indicted on 160 criminal counts stemming from sex offenses committed against the daughters of his girlfriend. *Windsor v. State*, 2014 WL 4264915 (Del. Aug. 28, 2014).

wished to withdraw his guilty plea.[2] The Court denied the request. After hearing statements from the young victims, the Court sentenced Windsor to a total of twenty-two years of incarceration followed by decreasing levels of probation.

2.     Windsor appealed. Among other things, Windsor appealed this Court's refusal to hear his *pro se* motion to withdraw the plea. The Supreme Court considered this issue and determined that the motion to withdraw was a legal nullity.[3] It affirmed Windsor's convictions and sentence on August 28, 2014.[4]

3.     Windsor then filed a timely motion for postconviction relief. Among the issues Windsor raised in the first motion for postconviction relief was this Court's refusal to hear his motion to withdraw the guilty plea. This Court found this claim to be procedurally barred as previously adjudicated and denied Windsor's first motion for postconviction relief.[5] The Delaware Supreme Court affirmed the denial on September 25, 2015.[6]

4.     Windsor filed a second, untimely motion for postconviction relief. In addition to again challenging the Court's refusal to withdraw his guilty plea, Windsor claimed that he was innocent of the crimes.[7] This Court considered the

---

[2] Transcript of December 13, 2013 Sentencing, pp. 10-11.
[3] *Windsor*, 2014 WL 4264915, at *3 (Del. Aug. 28, 2014).
[4] *Id.*
[5] *State v. Windsor*, 2015 WL 1455602 (Del. Super. Ct. Mar. 25, 2015).
[6] *Windsor v. State*, 2015 WL 5679751 (Del. Sept. 25, 2015) (finding that Windsor's claim that his guilty plea was involuntary was inconsistent with his guilty plea colloquy).
[7] *State v. Windsor*, 2018 WL 3492764 (Del. Super. Ct. July 19, 2018).

"new" evidence to which Windsor cited—affidavits from various individuals regarding statements one of the victims made after Windsor's conviction—and found it to be unpersuasive.[8] This Court denied Windsor's second motion for postconviction relief, and the Delaware Supreme Court affirmed the denial.[9]

5.      In the present matter—his third, untimely motion for post-conviction relief—Windsor raises the following grounds for relief: (1) "actual innocence," (2) "ineffective assistance of counsel regarding withdrawal of plea," and (3) "ineffective assistance of counsel (due process)."

6.      Pursuant to Superior Court Criminal Rule 61(d)(2), second or subsequent motions for postconviction relief shall be summarily dismissed.[10] However, the Rule allows for two exceptions if the defendant was convicted after trial: (1) if there is new evidence that creates a strong inference the defendant is innocent, or (2) if there is a new rule of constitutional law that is retroactively applicable.[11]

7.      Windsor does not explain how his current motion is not subject to summary dismissal under Rule 61(d)(2). Because he pleaded guilty and did not go

---

[8] *Id.* at *2.
[9] *Windsor v. State*, 2019 WL 327964, at *2 n.6 (Del. Jan. 23, 2019) (recognizing that Windsor's motion was successive, the Supreme Court did not "address whether the ambiguous hearsay affidavits that Windsor submitted create a strong inference of actual inference" while recognizing the lower court specifically found that it did not).
[10] Super. Ct. Crim. R. 61(d)(2).
[11] *Id.*

to trial, he cannot avail himself of the exceptions to Rule 61(d)(2) and therefore his motion must be summarily dismissed. Moreover, to the extent Windsor attempts to invoke the Delaware Supreme Court's recent decision in *Reed v. State*,[12] it is inapplicable where, as here, the record reflects that Windsor did not advise trial counsel that he wished to withdraw his guilty plea.[13]

8.      Windsor's Third Motion for Postconviction Relief is **SUMMARILY DISMISSED.** Windsor has also filed a Motion for Appointment of Counsel and a Motion to Proceed *In Forma Pauperis*. Because his Motion for Postconviction Relief is summarily dismissed, there is no reason to appoint counsel. Windsor's Motion for Appointment of Counsel is therefore **DENIED.** The Motion to Proceed *In Forma Pauperis* is **MOOT.**

      **IT IS SO ORDERED.**

*/s/Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

pc:   William Windsor
      Prothonotary

---

[12] 258 A.3d 807 (Del. 2021).

[13] *Id*. at 813 ("[W]e hold that a criminal defendant's control of the objectives of the representation prior to sentencing requires that counsel either obey an instruction to file a motion to withdraw a guilty plea, or seek leave to withdraw so that the defendant can file the motion with other counsel or *pro se*."). Following Windsor's sentencing, Windsor's counsel asked for a sidebar, where he stated: "I would like to put on the record that the first I have heard of that [Rule] 32(d) request to withdraw his plea was standing at the podium and that he and I did a video phone yesterday and that was the first I have heard of that. I just wanted to have that on the record for [Rule] 61 purposes." Transcript of December 13, 2013 Sentencing, p. 21.